UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                              CRIMINAL NO. 3:19-CR-254-DPJ-FKB

MONTEZ FLEMING

ORDER

The parties in this criminal case have filed seven motions in limine. After fully considering the motions, the Court rules as follows.

I.      Background

The Grand Jury indicted Defendant Montez Fleming on three kidnapping charges and a charge for being a felon in possession of a firearm. Fleming pled guilty to the firearm charge; the three kidnapping charges remain and will be tried on April 26, 2022.

II.     Standards

The parties present both offensive motions in limine (seeking to admit evidence) and defensive motions in limine (seeking to exclude evidence). Defensive motions

> prohibit[] opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quoting Robert T. Hyde, Jr., Commentary, *The Motion in Limine: Pretrial Trump Card in Civil Litigation*, 27 U. Fla. L. Rev. 531, 531 (1975)). An order granting a motion in limine does not preclude the losing party from revisiting the issue at trial, outside the jury's presence. *See El-Bawab v. Jackson State Univ.*, No. 3:15-CV-733-DPJ-FKB, 2018 WL 3715836, at *2 n.1 (S.D. Miss. Aug. 3, 2018).

III. Motions

    A. Motions Granted Without Objection

        1. Defendant's Prior Convictions

Fleming's first two motions [45, 46] seek to exclude evidence related to his prior felony convictions. While he acknowledges that those convictions might become admissible under Federal Rule of Evidence 609 (if he testifies at trial), he maintains that they should otherwise be excluded from evidence because they are irrelevant to the kidnapping charges and violate Federal Rule of Evidence 403. Because the Government responded to neither motion, they are granted.

        2. Crime-Scene Photographs

Defendant's Third Motion in Limine [47] seeks to exclude photographs of Fleming's brother, Emmanuel Fleming, after he was shot and killed. Fleming has agreed to a stipulation describing the manner of death and argues that the photographs should be excluded under Federal Rules of Evidence 401 through 403. The Government did not respond, and the motion is therefore granted.

    B. Disputed Motions

        1. Government's Motion Regarding Defendant's Hearsay Statements [48]

After his arrest on the kidnapping charges, Fleming was interviewed by the FBI; the interview was recorded. The Government intends to offer incriminating excerpts from that interview but anticipates that Fleming will try to offer evidence regarding other statements he made at that time.

Under Rule 801(d)(2), Fleming's out-of-court statements are not hearsay if "offered against [him]." So, "[w]hen offered by the government, a defendant's out-of-court statements

2

are those of a party opponent and thus not hearsay. FED. R. EVID. 801(d)(2). When offered by the defense, however, such statements are hearsay." *United States v. Sanjar*, 876 F.3d 725, 739 (5th Cir. 2017).

There *may*, however, be a possible avenue for Fleming to introduce excluded portions of the transcript—the rule of completeness. Federal Rule of Evidence 106 states, "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." "Rule 106 requires the introduction of a writing or recorded statement only when the omitted portion is 'necessary to qualify, explain, or place into context the portion already introduced.'" *United States v. Herman*, 997 F.3d 251, 264 (5th Cir. 2021) (quoting *United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996), *cert. denied*, 142 S. Ct. 787, (2022)). Also, "the portion sought to be admitted must be relevant to the issues, and only the parts which qualify or explain the subject matter of the portion offered by the opponent need be admitted." *Id.* (quoting *United States v. Crosby*, 713 F.2d 1066, 1074 (5th Cir. 1983)). Lastly, the rule "does not permit a party to introduce writings or recorded statements to affirmatively advance their own, alternative theory of the case." *Id.* (citing *Branch*, 91 F.3d at 73).

The parties dispute whether Rule 106 allows the introduction of otherwise inadmissible evidence. But there is no present need to resolve that issue because, as Fleming argues, the Government has not identified the statements it intends to offer, and Fleming has not made any counter designations. Without that information, there is no way to know whether Fleming will make counter-designations, and, if so, whether they clarify the Government's evidence or constitute an inappropriate attempt to advance his own theory of the case. *Id.*

3

As noted below, an evidentiary hearing is required regarding the admissibility of these transcripts. The Court therefore takes the Government's motion [48] under advisement and instructs the parties to exchange their designations five days before the hearing; they should provide copies to the Court at that time.

    C.    Government's Omnibus Motion [49]

In this motion, the Government seeks to exclude 11 categories of evidence. Fleming doesn't really dispute most of the Government's points, noting instead that the Government has offered boilerplate objections regarding evidence that would be inadmissible under the Federal Rules of Evidence or binding law. The Court tends to agree, but that also means there is no harm in granting the motion; as Fleming observes, the same rules would apply to both parties. The Court therefore grants the Government's motion as to Subject Areas 4 through 11. Neither party may address those issues without first raising them outside the jury's presence. The Court will separately address the remaining questions.

        1.    Governmental Misconduct

Subject Area 1 is short and sweet: "Allegations of misconduct should be handled outside the presence of the jury so that the Court can determine whether there is a factual foundation and probative value." Govt's Mot. [49] at 1. Fleming agrees to refrain from using the term "prosecutorial misconduct" before the jury but argues that granting this motion would otherwise chill vigorous cross-examination and his defense. Def.'s Resp. [54] at 2. The Court agrees. As it stands, the Government has not identified any specific issues that might generate a suggestion of misconduct, and Fleming should be allowed to robustly attack the investigation and/or prosecution. Without knowing the precise issues at hand, the Court cannot predict when the questions or statements might cross the line between a legitimate defense and an inappropriate

4

attempt to unfairly prejudice the jury. Accordingly, while defense counsel will not use the term "prosecutorial misconduct" in the jury's presence, the motion is otherwise denied. If the Government's concern materializes, it may make a timely objection and, if appropriate, seek a limiting instruction.

        2.        Missing Witnesses

Subject Area 2 of the Government's motion seeks an order excluding reference to absent witnesses. "[A] party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party." *United States v. Wilson*, 322 F.3d 353, 363 (5th Cir. 2003). "There is, however, an important exception to the applicability of the presumption: if the witness is 'equally available' to both parties, any negative inference from one party's failure to call that witness is impermissible." *Id.* at 353 n.14 (quoting *McClanahan v. United States*, 230 F.2d 919, 925 (5th Cir. 1956)).

"For the presumption to apply, the missing witness must have 'some sort of connection to the party, such that one would expect that the missing witness's testimony would corroborate that party's theory of the case, such as a party's employee or attorney whose legal advice was at issue.'" *Wallner v. Ziegler*, 470 F. App'x 230, 232 (5th Cir. 2012) (quoting *United States v. Santos*, 589 F.3d 759, 764 (5th Cir. 2009)). The Fifth Circuit has also stated that a witness is not "equally available" if he or she is "controlled by one party" and the testimony "would elucidate facts in issue." *United States v. Chapman*, 435 F.2d 1245, 1247 (5th Cir. 1970).

Based on that authority, some missing witnesses might be relevant and others not. Without knowing which witnesses may be absent, the Court cannot grant this portion of the motion. Both parties are represented by skilled and ethical attorneys, and the Court expects that

they would not make a missing-witness argument without a good-faith belief that the presumption applies. Otherwise, this issue can be addressed through a timely objection and, if necessary, a correcting instruction.

        3.       The Timing of Discovery

Subject Area 3 is the only remaining dispute as to the omnibus motion. In it, the Government simply states: "Disputes over discovery are legal issues properly handled outside the presence of the jury." Govt's Mot. [49] at 2. Like other aspects of this motion, the Court lacks specifics. That said, this subject area is a little different because granting it would neither chill the defense nor bleed into areas that could potentially be admissible. Discovery disputes and legal issues do not speak to Fleming's guilt or innocence, and if there are disputes regarding these issues, they should first be addressed with the Court. This aspect of the motion is therefore granted.

        D.       Government's Motions to Admit Video and Transcript [61, 62]

The Government filed two motions seeking permission to introduce the video of and transcript from Fleming's FBI interview that occurred "[s]hortly after his arrest for kidnapping." Govt's Mot. [61] at 1; Govt's Mot. [62] at 1. When Fleming objected that the Government had not established a basis for authenticating the exhibits, the Government alternatively sought an evidentiary hearing. *See* Govt's Reply [66] at 1. Determining the admissibility of this evidence before trial will streamline the proceedings. Accordingly, the parties are instructed to contact Courtroom Deputy Shone Powell by March 29, 2022, to set the hearing.

Finally, it appears from the briefing that the Government has already produced the transcript to Fleming. Consistent with *United States v. Onori*, the parties must attempt to develop a "'stipulated' transcript, one to which all sides to the dispute can agree." 535 F.2d 938,

948 (5th Cir. 1976). If agreement is not possible, the parties may either jointly prepare one transcript containing both versions or prepare competing versions to be presented to the jury. *Id.* at 949. Whichever approach they take, they should present the transcripts to the Court at least one day before the evidentiary hearing.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. As explained above,

- Fleming's motions in limine [45, 46, 47] are granted.

- The Government's first motion in limine [48] is taken under advisement and will be set for hearing.

- The Government's second motion in limine [49] is granted as to Subject Areas 3 through 11 and denied as to Subject Areas 1 and 2.

- The Government's third and fourth motions in limine [61, 62] are taken under advisement and will be set for hearing.

- The parties are directed to contact Courtroom Deputy Shone Powell by March 29, 2022, to set the case for an evidentiary hearing.

- The parties shall exchange the designations required as to the Government's first motion in limine, and provide those designations to the Court, five days before the evidentiary hearing.

- And the parties shall provide to the Court one day before the evidentiary hearing the transcripts related to the Government's third and fourth motions in limine.

**SO ORDERED AND ADJUDGED** this the 25th day of March, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE